FILED
2009 May-26 AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **LEGACY ACADEMY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:**_____ |
| | ) | |
| **RPNC, INC., an Alabama Corporation,** | ) | |
| **ROBERT W. CARMICAL, and** | ) | |
| **PAMELA A. CARMICAL** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Legacy Academy, Inc. ("Legacy Academy"), submits the following Complaint setting out its causes of action and claims for relief against Defendants, RPNC, Inc. ("RPNC"), Robert W. Carmical, and Pamela A. Carmical:

**I.    THE PARTIES**

1.      Plaintiff, Legacy Academy, is a Georgia corporation, authorized to transact business in the State of Alabama, with its principal place of business located at 4536A Nelson Brogdon Blvd., Sugar Hill, Georgia 30518.

2.      Defendant, RPNC, is an Alabama corporation with its principal place of business at 74 Nance Road, Madison, Alabama 35758-9507.  RPNC's registered agent for service of process is Robert Carmical, 74 Nance Road, Madison, Al 35758-9507.  RPNC is a franchisee of Legacy Academy that contracted to operate a Legacy Academy franchise in Madison, Alabama.

3.      Defendant, Robert W. Carmical, is an Alabama resident and the president of RPNC.  Robert W. Carmical is a franchisee of Legacy Academy that contracted to operate a Legacy Academy franchise in Madison, Alabama.

4.      Defendant, Pamela A. Carmical, is an Alabama resident and a co-owner of RPNC. Pamela A. Carmical is a franchisee of Legacy Academy that contracted to operate a Legacy Academy franchise in Madison, Alabama.

## II.      JURISDICTION AND VENUE

5.      Jurisdiction in this Court is proper as this Complaint poses federal questions arising under particular federal statutes, including the Federal Trademark Act (the "Lanham Act") as amended in 15 U.S.C. §§ 1051 et seq. and 15 U.S.C. §§ 1125 et seq.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

6.      Because this matter presents a controversy over damages in excess of $75,000 and between citizens of different states, jurisdiction is also proper under 28 U.S.C. § 1332.

7.      Venue is proper in accordance with 28 U.S.C. § 1391.

## III.      FACTUAL BACKGROUND

### A.      Legacy System, Legacy Academy Trade and Service Marks, and Legacy Trade Dress

8.      Over a period of time and as a result of the expenditure of time, skill, effort, and money, Legacy Academy developed and owns a specialized system (the "Legacy System") relating to the establishment, development, and operation of child care and educational learning centers ("Legacy Academy for Children® Development Centers").

9.      The Legacy System employs distinguishing characteristics at the Legacy Academy for Children® Development Centers including, but not limited to, distinctive exterior

2

and interior building design, décor, exclusively-designed signage, decorations, equipment, furnishings, and materials. The Legacy System also employs distinctive color combinations and other distinctive physical embodiments, all of which are associated with the Legacy System. (collectively "Legacy Trade Dress").

10.     The Legacy System also employs a uniformly proscribed and distinctive method of operation which includes, without limitation, the use of specialized educational equipment, programs, curriculum, software and materials, the Legacy Academy Curriculum, Confidential Operations Manual, uniform operating methods, procedures and techniques, other confidential operating procedures, methods and techniques for inventory and cost controls, recordkeeping and reporting, personnel management, purchasing, sales promotion, marketing, and advertising (collectively, the "Legacy Trade Secrets").

11.     Since May 1997 Legacy Academy has continuously been in the business of operating Legacy Academy for Children® Development Centers that offer academic and social enrichment, as well as child care and after-school care services, pursuant to the Legacy System and under the Legacy Trade Dress and the Legacy Academy for Children® trade and service marks (the "Legacy Marks").

12.     The Legacy Marks consist of a family of recognized service marks that signify and promote the exclusive Legacy Academy brand.

13.     The family of Legacy Marks includes the word and design marks "Legacy Academy for Children®" (USPTO Registration Nos. 2277846 and 2686283), which were adopted and first used in interstate commerce in 1997. Since that time, the Legacy Academy for Children® word and design marks have been used exclusively to promote the Legacy Academy brand.

3

14.    The family of Legacy Marks also includes the word and design marks "Framework for Their Future®" (USPTO Registration No. 3055333, Serial Number 76570443) which has been used in interstate commerce since 2003; "The Perfect Beginning For Your Legacy®" (USPTO Registration No. 32777705) which has been used in interstate commerce since 1997; and a Dancing Apple Design (USPTO Registration No. 76400880) which has been used in interstate commerce since 2003. Since their first use, these marks have been used continuously and exclusively to promote the Legacy Academy brand

15.    Legacy Academy has expended considerable time, effort, and money in the development of the Legacy Marks and the Legacy Academy brand.

16.    Moreover, Legacy Academy has taken great care to protect the goodwill associated with the Legacy Marks, the Legacy Trade Dress, and the Legacy System by ensuring that the services that are offered in connection with its Legacy Marks, the Legacy Trade Dress, and the Legacy System meet the high-quality standards associated with the Legacy Academy brand.

17.    Through extensive advertising and promotion, the Legacy System, the Legacy Trade Dress, and the Legacy Marks are recognized as a premier brand in the child-care industry.

**B.    Legacy Academy Franchise**

18.    Legacy Academy has been franchising the Legacy System since 1998.

19.    On August 27, 2004, Legacy Academy and Defendants entered into a Franchise Agreement. The Franchise Agreement is attached as **Exhibit 1**.

20.    Pursuant to Section 1.1 of the Franchise Agreement, Legacy Academy granted Defendants the non-exclusive license to operate a Legacy Academy for Children® Development

4

Center using the Legacy System, the Legacy Trade Secrets, the Legacy Trade Dress, and the Legacy Marks at 74 Nance Road, Madison, Alabama (the "Premises").

21.     The term of the Franchise Agreement is for a period of twenty-five years. *See* Franchise Agreement Section 2.1(a).

22.     Pursuant to Section 3.2 of the Franchise Agreement, Defendants are required to pay Legacy Academy a non-refundable monthly royalty fee equal to five percent of the Defendants' Gross Monthly Revenue, as defined in Section 3.3 of the Franchise Agreement (the "Royalty Fee"). The Royalty Fee is partial consideration for Legacy Academy's grant of the franchise license.

23.     Pursuant to Section 8.1 of the Franchise Agreement, Defendants are required to pay Legacy Academy a non-refundable monthly advertising fee equal to one percent of the Defendants' Gross Monthly Revenue (the "Marketing Fee").

24.     Pursuant to Section 3.2 of the Franchise Agreement, Defendants are required to tender the Royalty Fee and the Marketing Fee to Legacy Academy by the tenth day of each calendar month.

25.     If Defendants fail to timely pay the Royalty Fee, the Marketing Fee, or any other amount due to Legacy Academy pursuant to the Franchise Agreement, Defendants are required to pay an administrative fee and interest charges on past due amounts. *See* Franchise Agreement Section 3.4.

26.     With regard to the Legacy Marks, Defendants, upon entering into the Franchise Agreement expressly acknowledged that Legacy Academy is the sole and exclusive owner and licensor of the Legacy Marks and any good will associated with the Marks. Moreover, Defendants agreed not to represent or assert in any manner or at any time that they acquired any

5

ownership rights in the Legacy Marks, or any marks, names or indicia which are or may be confusingly similar to the Legacy Marks. *See* Franchise Agreement Section 4.1.

27. Defendants also acknowledged and agreed that any and all goodwill associated with, or identified by, the Legacy Marks or the Legacy System shall inure directly and exclusively to the benefit of Legacy Academy and not to Defendants. *See* Franchise Agreement Section 4.1.

28. Defendants are obligated to protect Legacy Academy's right to and interest in the Legacy System, the Legacy Trade Dress, and the Legacy Marks. *See* Franchise Agreement Section 4.3.

29. Defendants may only use the Legacy System, the Legacy Trade Dress, and the Legacy Marks in connection with the Legacy Academy for Children® Development Center at the Premises. *See* Franchise Agreement Section 4.2.

30. Defendants are obligated to maintain and comply with standards of quality, appearance, and operation for the Legacy Academy for Children® Development Center as established by Legacy Academy. *See* Franchise Agreement Section 7.6, 9.1, and 9.2.

31. With regard to the Premises, Defendants are obligated to use the Premises solely for the operation of a Legacy Academy for Children® Development Center in the manner and pursuant to the standards prescribed in the Franchise Agreement, in the Legacy Academy operations manual and curriculum, or as otherwise allowed by Legacy Academy. *See* Franchise Agreement Sections 7.3, 7.6, 9.1 and 9.2.

32. Since the execution of the Franchise Agreement, Legacy Academy has not authorized Defendants to use the Premises for anything other than the operation of a Legacy Academy for Children® Development Center.

6

33.     During the term of the Franchise Agreement, Defendants are obligated to use their best efforts in operating Legacy Academy for Children® Development Center on the Premises and in recommending, promoting, and encouraging patronage of all Legacy Academy for Children® Development Centers. *See* Franchise Agreement Section 11.1(i).

34.     Additionally, during the term of the Franchise Agreement, Defendants covenanted not to engage, directly or indirectly, as an owner, in any managerial capacity or as a consultant in any child development, day care, or preschool business, whether or not owned by Defendants, located within the Designated Territory (as defined in Exhibit B to the Franchise Agreement) or within a three-mile radius of the Premises.     Defendants agreed to serve only as a franchise owner or employee of a franchisee under the Legacy System, without Legacy Academy's prior written consent. *See* Franchise Agreement Section 11.1(ii).

35.     Following termination of the Franchise Agreement, for a period of two years, Defendants covenanted not to engage, directly or indirectly, in any child development, day care, or pre-school business in the Designated Territory, or within a three-mile radius of the Premises, without Legacy Academy's prior written consent. *See* Franchise Agreement Section 11.2(i).

36.     Defendants also agreed, during the two-year post termination period, not to solicit or accept, directly or by assisting others, any business from any of the customers of the Legacy Academy for Children® Development Center or from Legacy Academy, for the purpose of providing products or services that are competitive with those provided by the Legacy Academy for Children® Development Center. *See* Franchise Agreement Section 11.2(ii).

37.     Pursuant to Sections 11.3 and 11.4 of the Franchise Agreement, Defendants agreed to protect and not to disclose any Legacy Trade Secrets learned during their operation of the Legacy Academy for Children® Development Center.     Defendants acknowledged that the

7

unauthorized use or disclosure of the Legacy Trade Secrets will cause irreparable injury to Legacy Academy and that damages are not an adequate remedy for the injuries sustained by Legacy Academy.

38.     The Franchise Agreement sets forth specific events of default and remedies available to Legacy Academy if a default by Defendants is not timely cured. *See* Franchise Agreement Section 13.

39.     Pursuant to Section 13.1(a)(xiii) of the Franchise Agreement, if Defendants engage in conduct that Legacy Academy determines is materially deleterious to or unfavorably reflects in a material manner on Legacy Academy, the Legacy System, the Legacy Marks or the goodwill of the Legacy Academy for Children® Development Center, Legacy Academy may terminate or suspend the Franchise Agreement on immediate notice.

40.     Legacy likewise may terminate or suspend the Franchise Agreement on immediate notice if Defendants violate any covenant of confidentiality or non-disclosure contained in the Franchise Agreement. *See* Franchise Agreement Section 13.1(a)(v).

41.     Upon ten days notice of delinquency, if Defendants fail to pay any financial obligation to Legacy Academy, including Royalty Fees, Marketing Fees, and applicable late fees, Legacy Academy has the right to terminate or suspend the Franchise Agreement. *See* Franchise Agreement Section 13.1(b)(ii).

42.     Pursuant to Section 13.1(c)(ii) of the Franchise Agreement,  if Defendants fail to perform or breach any other covenant, obligation, term, condition, warranty, or certification in the Franchise Agreement or fail to operate the Legacy Academy for Children® Development Center as specified by Legacy Academy after thirty-days notice to cure, Legacy Academy may suspend or terminate the Agreement.

8

43.     In addition to Legacy Academy's right to terminate or suspend the Franchise Agreement upon an event of default that is not timely cured by Defendants, Legacy Academy has the right to take certain actions to cure any default, including, but not limited to, the right to enter upon, control, and operate Defendants' Legacy Academy for Children® Development Center until the default has been cured. *See* Franchise Agreement Section 13.2.

44.     On August 27, 2004, Legacy Academy and Defendants also entered into a Collateral Assignment of Tenant's Interest in Lease (the "Assignment"). The Assignment is attached as **Exhibit 2**.

45.     Paragraph 4 of the Assignment likewise authorizes Legacy Academy, upon five days notice of default of the Assignment or the Franchise Agreement, to take possession of the Premises and to operate the Legacy Academy for Children® Development Center for as long as Legacy Academy deems proper.

46.     Section 19.2 of the Franchise Agreement authorizes Legacy Academy to seek and obtain orders of specific performance or injunctive relief or both to protect its interest in the Legacy System and the Legacy Marks.

47.     In the event Legacy Academy must enforce the terms of the Franchise Agreement through litigation, Defendants agreed to pay all actual and consequential damages suffered by Legacy Academy, including reasonable attorneys' fees. *See* Franchise Agreement Section 14.1(viii) and 19.3.

C.     **The Guaranty Agreements**

48.     Also on August 27, 2004, Defendants, Robert W. Carmical and Pamela A. Carmical (collectively, the "Carmicals"), each entered into separate Guaranty of Payment and Performance Agreements (the "Guaranty Agreements") with Legacy Academy to guaranty the

9

performance of Defendants under the Franchise Agreement. Copies of the Guaranty Agreements are attached hereto as **Collective Exhibit 3**.

49.     Pursuant to the Guaranty Agreements, the Carmicals agreed, without limitation, to unconditionally guarantee to Legacy Academy:

        a.     the full and prompt payment when due of any and all monies due to Legacy Academy under the Franchise Agreement, including all interest, fees, and charges as they accrue;

        b.     the full and prompt payment of all costs and expenses incurred by Legacy Academy relating to the financial obligations of the Defendants under the Franchise Agreement;

        c.     the full and prompt payment and performance of any and all obligations, covenants, and agreements of Defendants under the Franchise Agreement and related documents; and

        d.     the full and prompt repayment of amounts due in connection with any cure of any default or event of default under the Franchise Agreement and related documents.

**D.**     **Defendants' Infringing and Wrongful Conduct**

50.     On information and belief, Defendants had no experience operating a child-care facility prior to becoming a Legacy Academy franchisee in 2004.

51.     On information and belief, Defendants learned what they know about operating a child-care facility from Legacy Academy and as a result of the significant time and money invested by Legacy Academy in the development of its Legacy System and in training Defendants on how to successfully employ the Legacy System.

10

52.     For example, in addition to providing Defendants with the Legacy System, Legacy Academy has provided extensive director/management training to Defendants' employees, provided marketing and technical assistance, and sponsored monthly curriculum meetings for Defendants and their staff to educate them on how to successfully employ the Legacy System.

53.     Legacy Academy has invested over $300,000 in Defendants and their franchise.

54.     On May 12, 2009, however, Legacy Academy received correspondence from counsel for Defendants purporting to unilaterally rescind the Franchise Agreement. The May 12, 2009 letter is attached as **Exhibit 4**.

55.     Defendants contend, and Legacy Academy vigorously denies, that they were fraudulently induced to enter into the Franchise Agreement—under which they had been operating since 2004 without any contention that they were defrauded.

56.     Additionally, Defendants reported in the May 12, 2009 letter that they were unilaterally de-flagging from Legacy Academy.

57.     On May 20, 2009, Legacy Academy, through counsel, sent correspondence to Defendants rejecting their notice of rescission, acknowledging their anticipatory breach of the Franchise Agreement, and demanding continued and specific performance pursuant to the Franchise Agreement.  The May 20, 2009 letter is attached as **Exhibit 5**.

58.     Further, Legacy Academy notified Defendants that they were in default of the Franchise Agreement because Defendants had failed to tender their Royalty Fee and Marketing Fee for April 2009.

59.     Because of Defendants' anticipatory breach and default of the Franchise Agreement, Legacy Academy notified Defendants of its intent to exercise its right to take

11

possession of the Premises pursuant to Section 13.2 of the Franchise Agreement and Paragraph 4 of the Assignment if they failed to cure.

60.     Upon information and belief, Defendants have changed the name of the Legacy Academy for Children® Development Center to the "Cambridge Academy."

61.     Defendants' continued operation of the Legacy Academy for Children® Development Center under a different name, while on information and belief using the Legacy System, the Legacy Trade Dress, the Legacy Marks, or any combination of these, constitutes a breach of the Franchise Agreement.

62.     Moreover, by operating the Legacy Academy for Children® Development Center under a different name, while on information and belief using the Legacy System, the Legacy Trade Dress, the Legacy Marks, or any combination of these, Defendants are misleading the consuming public as to the source, quality, origin, affiliation, sponsorship, and nature of its goods and services.

63.     Defendants' unilateral decision to de-flag, but to continue operating a child-care facility at the Premises constitutes a breach of the Franchise Agreement and causes irreparable harm and monetary damage to Legacy Academy.  Legacy Academy would lose in excess of $300,000 invested in Defendants and their franchise if Defendants' breaches are allowed to continue without being enjoined by this Court.   In addition, Legacy Academy would be irreparably harmed by its inability to control the Legacy System, the Legacy Trade Dress, or the Legacy Marks and the public's perception of the services being offered under them, thereby diluting the value of the Legacy System, the Legacy Trade Dress, and the Legacy Marks and the good will associated with them.

64.     Not withstanding its obligations to do so, and despite demands by Legacy Academy, Defendants have refused to pay Legacy Academy the sums due under the Franchise Agreement. This failure to pay constitutes a breach and default of the Franchise Agreement.

65.     On information and belief, the Carmicals have not cured Defendants' breaches and defaults under the Franchise Agreement or otherwise satisfied any of Defendants' outstanding financial obligations to Legacy Academy pursuant to the Guaranty Agreements.

66.     As of May 21, 2009, Defendants owed a total of $3,835.20, in Royalty Fees, Marketing Fees, service, and miscellaneous fees for the franchise at issue.

67.     Moreover, despite demands by Legacy Academy, Defendants have continued to operate the Legacy Academy for Children® Development Center under a different name in violation of the Franchise Agreement, including its reasonable non-competition provisions.

## IV.     CAUSES OF ACTION

### A.     First Cause of Action:  Breach of the Franchise Agreement

68.     Legacy Academy hereby realleges and incorporates by reference the averments contained in paragraph 1 to 67 of this Complaint.

69.     Legacy Academy and Defendants are parties to the Franchise Agreement pursuant to which Defendants operate a Legacy Academy franchise in Madison, Alabama.

70.     The Franchise Agreement is a valid and binding agreement.

71.     Defendants have breached the Franchise Agreement, without limitation, by:

    a.     failing to remit to Legacy Academy the Royalty Fee and Marketing Fee that were due by April 10, 2009;

    b.     renouncing their intention to remit any further Royalty Fees or Marketing Fees to Legacy Academy;

13

    c.    using or attempting to use the Legacy Marks in an unauthorized manner;

    d.    using or attempting to use the Legacy Trade Dress in an unauthorized manner;

    e.    depriving Legacy Academy of the benefits of the Legacy Trade Dress and the Legacy Marks;

    f.    on information and belief, by utilizing the Premises to operate or attempt to operate a business other than the Legacy Academy for Children®;

    g.    by competing against Legacy Academy within the Designated Territory; and

    h.    by refusing to allow Legacy Academy to take possession of the Premises.

72.    Defendants' breaches have caused Legacy Academy to lose the control over the Legacy Academy System, the Legacy Trade Dress, and the Marks—control necessary to protect the value of its brand and the good will associated with its brand—thereby causing Legacy Academy to suffer irreparable harm for which there is no adequate remedy at law.

73.    Defendants' breaches have caused Legacy Academy to suffer monetary damages in an amount to be proven at trial but in excess of $300,000.

74.    As a result of Defendants' breaches, Legacy Academy is entitled to take over the operation of the Premises.

**B.**    **Second Cause of Action:  Breach of the Guaranty Agreements**

75.    Legacy Academy hereby realleges and incorporates by reference the averments contained in paragraph 1 to 74 of this Complaint.

14

76.     Legacy Academy and the Carmicals are parties to the Guaranty Agreements pursuant to which the Carmicals guaranteed the payment and performance of Defendants' obligations to Legacy Academy under the Franchise Agreement.

77.     The Guaranty Agreements are valid and binding agreements.

78.     The Carmicals have breached the Guaranty agreements by failing to cure Defendants' breaches and defaults under the Franchise Agreement or otherwise to satisfy any of Defendants' outstanding financial obligations to Legacy Academy pursuant to the Guaranty Agreements as set forth with particularly in this Complaint, including, without limitation, in Paragraph 71 of this Complaint.

79.     The Carmicals' breaches have caused Legacy Academy to lose the control over the Legacy Academy System, the Legacy Trade Dress, and the Marks—control necessary to protect the value of its brand and the good will associated with its brand—thereby causing Legacy Academy to suffer irreparable harm for which there is no adequate remedy at law.

80.     The Carmicals' breaches have caused Legacy Academy to suffer monetary damages in an amount to be proven at trial but in excess of $300,000.

C.      **Third Cause of Action:  Federal Statutory and State Common Law Trade Mark Infringement**

81.     Legacy Academy hereby realleges and incorporates by reference the averments contained in paragraph 1 to 70 of this Complaint.

82.     Legacy Academy is the owner of certain registered trademarks, the Legacy Marks, including, without limitation:

> a.      "Legacy Academy for Children®" (USPTO Registration Nos. 2277846 and 2686283);

b.    "Framework for Their Future®" (USPTO Registration No. 3055333, Serial Number 76570443);

c.    "The Perfect Beginning For Your Legacy®" (USPTO Registration No. 32777705); and

d.    a Dancing Apple Design (USPTO Registration No. 76400880).

83.    Legacy Academy and its franchisees utilize the Legacy Marks in interstate commerce.

84.    The Legacy Marks are protected under federal statutory and state common law.

85.    Legacy Academy has expended time, skill, effort, and money to develop the Legacy Marks so that the public associates with the Legacy Marks the quality child care and educational programs offered by Legacy Academy and its franchisees, including, without limitation, the Legacy System.

86.    The Legacy Marks are suggestive, arbitrary, or fanciful.

87.    Legacy Academy enters Franchise Agreements with its franchisees to control the Legacy Marks licensed to its franchisees and the quality of services offered by its franchisees operating under the Legacy Marks.

88.    Defendants collectively are a franchisee of Legacy Academy.

89.    On information and belief, Defendants are utilizing the Legacy Marks in a manner that is not consistent with the terms of the Franchise Agreement. Defendants' use of the Legacy Marks is not authorized.

90.    Defendants' unauthorized use of the Legacy Marks in violation of the Franchise Agreement is misleading and likely to cause confusion, mistake, or to deceive the public as to the

16

affiliation, connection, or association of Defendants with Legacy Academy and the quality child care and educational programs offered by Legacy Academy and its franchisees.

91.     Defendants' unauthorized use of the Legacy Marks is causing Legacy Academy and its franchisees irreparable harm because Legacy Academy is not able to control these marks without equitable relief, including injunctive relief.

92.     Defendants' unauthorized use of the Legacy Marks is causing Legacy Academy irreparable harm because it is diluting the good will associated with the Legacy Marks and developed over a period of years through Legacy Academy's investment of money and labor.

93.     Defendants' unauthorized use of the Legacy Marks has damaged Legacy Academy in an amount to be determined at trial but in excess of $300,000.

**D.      Fourth Cause of Action: Federal Statutory and State Common Law Trade Dress Infringement**

94.     Legacy Academy hereby realleges and incorporates by reference the averments contained in paragraph 1 to 83 of this Complaint.

95.     Legacy Academy is the owner of the Legacy Trade Dress.  Legacy Academy requires that its Legacy Academy for Children® Development Centers be constructed in accordance with copyrighted plans and specifications resulting in a distinctive exterior and interior building design, décor, exclusively-designed signage, decorations, equipment, furnishings, and materials.  The Legacy System also employs distinctive color combinations and other physical embodiments.

96.     Legacy Academy and its franchisees utilize the Legacy Trade Dress in interstate commerce.

97.     Legacy Academy has expended time, skill, effort, and money to develop the Legacy Trade Dress so that the public associates with the Legacy Trade Dress the quality child

17

care and educational programs offered by Legacy Academy and its franchisees, including, without limitation, the Legacy System.

98.     The Legacy Trade Dress is inherently distinctive.

99.     The Legacy Trade Dress is protected under federal statutory and state common law.

100.    Legacy Academy enters Franchise Agreements with its franchisees to control the Legacy Trade Dress licensed to its franchisees and the quality of services offered by its franchisees operating under the Legacy Trade Dress.

101.    Defendants collectively are a franchisee of Legacy Academy.

102.    On information and belief, Defendants are utilizing the Legacy Trade Dress in a manner that is not consistent with the terms of the Franchise Agreement. Defendants' use of the Legacy Trade Dress is not authorized.

103.    Defendants' unauthorized use of the Legacy Trade Dress in violation of the Franchise Agreement is misleading and likely to cause confusion, mistake, of to deceive the public as to the affiliation, connection, or association of Defendants with Legacy Academy and the quality child care and educational programs offered by Legacy Academy and its franchisees.

104.    Defendants' unauthorized use of the Legacy Trade Dress is causing Legacy Academy and its franchisees irreparable harm because Legacy Academy is not able to control this trade dress without equitable relief, including a injunctive relief.

105.    Defendants' unauthorized use of the Legacy Trade Dress is causing Legacy Academy irreparable harm because it is diluting the good will associated with the Legacy Trade Dress and developed over a period of years through Legacy Academy's investment of money and labor.

106.   Defendant's unauthorized use of the Legacy Trade Dress has damaged Legacy Academy in an amount to be determined at trial but in excess of $300,000.

**E.   Fifth Cause of Action: Violation of the Uniform Trade Secrets Act**

107.   Legacy Academy hereby realleges and incorporates by reference the averments contained in paragraph 1 to 96 of this Complaint.

108.   The Legacy Academy system includes the Legacy Trade Secrets.

109.   The Legacy Trade Secrets constitutes a trade secret under Ala. Code § 8-27-2(1).

110.   Defendants had no knowledge of how to operate a day care center prior to their relationship with Legacy Academy.

111.   Defendants have been given access to the Legacy Trade Secrets and been given confidential instruction and training.

112.   The Legacy Trade Secrets have significant economic value.

113.   Legacy Academy has used reasonable efforts to maintain the secrecy of the Legacy Trade Secrets.   The Franchise Agreement, for example, requires franchisees not to disclose the Legacy Trade Secrets, and Legacy Academy materials that are also Legacy Trade Secrets are marked confidential.

114.   On information and belief, Defendants misappropriated the Legacy Trade Secrets by using them in an unauthorized manner, including in the attempted operation of a competing business on the Premises.

115.   Defendants have misappropriated the Legacy Trade Secrets through improper means.

116.   Legacy Academy has suffered monetary damages and irreparable harm by Defendants' improper misappropriation of the Legacy Trade Secrets.

**WHEREFORE**, Plaintiff, Legacy Academy, respectfully requests that:

i.    This Court grant an expedited hearing on Legacy Academy's request for preliminary injunctive relief;

ii.   This Court preliminarily enjoin Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from rescinding or terminating the Franchise Agreement during the pendency of this action;

iii.  This Court preliminarily enjoin Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from operating the franchise at the Premises in violation of the Franchise Agreement or alternative order Legacy Academy to enter upon, control, and operate the Legacy Academy franchise at the Premises during the pendency of this action;

iv.   Pursuant to Paragraph 4 of the Assignment and Section 13.2 of the Franchise Agreement, this Court permanently order that Legacy Academy is permitted to enter upon, control, and operate the Defendants' Legacy Academy for Children® Development Center;

v.    Legacy Academy be awarded its actual and consequential damages in an amount to be fixed by the Court;

vi.   Legacy Academy be awarded its costs and reasonable attorneys' fees, pursuant to the Franchise Agreement and applicable law;

vii.  This Court award such other legal and equitable relief as the Court shall deem just and proper.

Respectfully Submitted By:

WATSON, MCKINNEY, & ARTRIP, LLP

_____

Rebekah Keith McKinney, Esq. (Ala. Bar No. KEI011)
203 Greene Street
P.O. Box 18368
Huntsville, Alabama 35804
Telephone: (256) 536-2690
Facsimile: (256) 536-2689
mckinney@watsonmckinney.com

**MILLER & MARTIN PLLC**
Lynda Hill, Esq. (BPR No. HIL065)
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 756-6600
lhill@millermartin.com
***Attorneys for Plaintiff***